**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Thomas White Jr.,**
**Petitioner Below, Petitioner**

**vs.)     No. 21-0403** (Cabell County 19-C-410)

**Donald Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Thomas White Jr., by counsel Juston H. Moore, appeals the April 20, 2021, order of the Circuit Court of Cabell County denying his second petition for a writ of habeas corpus. Respondent Donald Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Mary Beth Niday, filed a response to the brief filed by petitioner's counsel and a response to the brief filed by petitioner as a self-represented litigant, pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.[1]  Petitioner, as a self-represented litigant, filed

---

[1]On October 21, 2021, petitioner's counsel filed a motion requesting leave for petitioner to file a supplemental brief as a self-represented litigant pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that,

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

This Court, by order entered on October 21, 2021, granted the motion and directed (1) petitioner to
(continued . . .)

1

a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 16, 2013, petitioner was indicted in the Circuit Court of Cabell County on two counts of first-degree murder for his part in a robbery that resulted in the deaths of two people on November 6, 2012. At trial, petitioner's accomplice testified that he and petitioner went to a "drug house" in Huntington, West Virginia, to commit a robbery. The evidence also included numerous other witness accounts, as well as significant forensic evidence, that explained that petitioner and his accomplice's plan to rob the "drug house." Thereafter, the jury convicted petitioner of two counts of first-degree felony murder. The circuit court sentenced petitioner to two consecutive life terms of incarceration, with the possibility of parole.

Petitioner appealed his convictions in *State v. White* ("*White I*"), No. 14-0918, 2015 WL 7628721 (W. Va. Nov. 20, 2015) (memorandum decision), and challenged the State's admission of certain text messages at his trial, pursuant to Rule 404(b) of the West Virginia Rules of Evidence. *Id.* at *3-5. This Court rejected petitioner's challenge, finding that (1) the text messages were sent from a cell phone belonging to petitioner; (2) the text messages were admissible to prove petitioner's intent or motive; (3) the text messages were properly admitted as they were more probative than prejudicial; (4) even if the circuit court erred in admitting the text messages, "the error was harmless given that the State provided the jury with ample and overwhelming evidence of petitioner's guilt above and beyond the call logs and text messages"; and (5) while the circuit court erred in failing to give an initial limiting instruction at the time the text messages were admitted, the error was harmless due, in part, to "[the] overwhelming evidence of petitioner's guilt."[2] *Id.* Accordingly, this Court affirmed petitioner's convictions. *Id.* at *6.

On May 5, 2016, petitioner filed a petition for a writ of habeas corpus in the circuit court. The circuit court appointed initial habeas counsel who filed an amended petition, a supporting memorandum of law, and exhibits on September 30, 2016. In the memorandum of law, petitioner raised the following grounds for relief: ineffective assistance of trial counsel, ineffective assistance

file a supplemental brief on or before November 5, 2021; (2) respondent to file a response to the supplemental brief on or before November 19, 2021; and, if necessary, (3) petitioner to file a reply to the response within twenty days of its receipt.

[2]In *State v. White* ("*White I*"), No. 14-0918, 2015 WL 7628721 (W. Va. Nov. 20, 2015) (memorandum decision), this Court noted that the circuit court gave the required Rule 404(b) limiting instruction as a part of its instructions to the jury. *Id.* at *5.

of criminal appellate counsel,[3] disproportionate sentences when compared to the sentences of petitioner's accomplice; illegal search of petitioner's cell phone, and cumulative error. Petitioner attached two exhibits to his memorandum of law that are relevant here. Petitioner signed the first exhibit entitled, "Additional Grounds To Be Asserted By Petitioner, Which Counsel Could Not Adequately Include In Memorandum." In this exhibit, petitioner alleged that (1) there was prejudicial pretrial publicity; (2) petitioner's accomplice's confession was coerced; (3) evidence helpful to petitioner was suppressed by the State; (4) the perjurious testimony of petitioner's accomplice was used by the State; (5) there were errors in petitioner's presentence investigation report; (6) petitioner's trial was unfair due to the coerced statements of his accomplice; (7) petitioner's trial was unfair due to the lack of certain jury instructions; (8) petitioner's trial was unfair due to prejudicial statements made by the State during closing arguments; (9) the evidence was insufficient to convict petitioner; (10) there were improper communications between the State and witnesses and/or the jury; and (11) petitioner was not given proper credit for time served. As a second exhibit, petitioner submitted a *Losh* list, also signed by him, indicating that he waived any grounds not raised.[4]

The circuit court, by order entered on November 15, 2016, allowed petitioner's initial habeas counsel to withdraw and appointed Steven M. Wright as substitute habeas counsel. Mr. Wright considered petitioner's lead trial counsel, Timothy P. Rosinsky, to be a mentor. Petitioner felt uncomfortable with Mr. Wright's representation of him due to his friendship with Mr. Rosinsky. Accordingly, Mr. Wright filed motions to withdraw as substitute habeas counsel on October 27, 2017, and March 5, 2018, which the circuit court denied.

At the beginning of petitioner's August 2, 2018, omnibus habeas corpus hearing, Mr. Wright renewed his request to withdraw as substitute habeas counsel because of petitioner's concern about "my ability to objectively and zealously represent his interests." The circuit court denied Mr. Wright's request to withdraw, finding that,

> [a]s I think I have ruled in the past, I know Mr. Wright, I know Mr. Rosinsky, this is a small bar in the sense of the number of attorneys [in Cabell County], and I think I may have said this to you before, I have all the confidence Mr. Wright will zealously cross-examine Mr. Rosinsky, and I see Mr. [Kerry] Nessel [petitioner's trial co-counsel] is here also. Their friendship, and it's probably a professional

---

[3]Petitioner's trial counsel also served as his criminal appellate counsel. *See State v. White* ("*White I*"), No. 14-0918, 2015 WL 7628721, at *1 (W. Va. Nov. 20, 2015) (memorandum decision).

[4]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* list, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

friendship more than a personal friendship, will not interfere with his duties as a lawyer.

The circuit court addressed two other preliminary matters. First, regarding petitioner's allegation that he could not locate a warrant authorizing the search of his cell phone, the circuit court stated that it had found a May 7, 2013, agreed order entered in petitioner's criminal case, pursuant to which the cell phone was searched. Second, the circuit court informed petitioner that, following Mr. Wright's presentation on his behalf, it would "take up" any issues "that you have raised pro se." Petitioner responded, "All right."

Thereafter, Mr. Wright presented the testimony of both of petitioner's trial counsels and of petitioner himself. During his direct examination of Mr. Rosinsky, Mr. Wright questioned him about the disparity between petitioner's sentences and his accomplice's sentences given their perceived roles in the crimes.[5] In testifying that the circuit court did not accept his argument that petitioner deserved concurrent sentences, Mr. Rosinsky expressed anger about what he believed to be an excessive aggregate sentence. Thereafter, Mr. Rosinsky apologized to the circuit court, stating, "Sorry about that rage, Your Honor."

Mr. Wright also questioned Mr. Rosinsky about the May 7, 2013, agreed order entered in petitioner's criminal case. Mr. Rosinsky testified that allowing a "dump" of petitioner's cell phone represented a strategic decision "because it would show a lack of connection [between petitioner and the accomplice, and between petitioner and the victims,] and then we could kind of use the state's muscle in dumping this stuff and examining it." However, Mr. Rosinsky admitted that the State wanted to use the text messages "to show a pattern of [petitioner] being involved in drug activity which takes him into this drug house in Huntington where these two people from Detroit[, Michigan,] were killed."

During petitioner's testimony, he denied authorizing Mr. Rosinsky to consent to a "dump" of his cell phone but admitted that he discussed both the cell phone and its contents with Mr. Rosinsky. Petitioner testified that, while he believed the text messages were "bad," he "didn't think they would be incriminating [in] this case." Pursuant to the circuit court's statement that it would consider issues that Mr. Wright did not raise, Mr. Wright inquired of petitioner if there was "anything that you can think of that I haven't asked you that you feel is important for the [c]ourt to hear and to be on the record." Petitioner responded, "Not anything I can think of at this time."

Following the August 2, 2018, omnibus habeas corpus hearing, the circuit court, by order entered on September 28, 2018, denied petitioner's habeas petition. In finding that petitioner did not receive ineffective assistance of trial counsel, the circuit court rejected petitioner's modified

---

[5]While petitioner was sentenced to two consecutive life sentences of incarceration for first-degree murder, his accomplice was sentenced to consecutive sentences of forty years of incarceration for second-degree murder and ten years of incarceration for first-degree robbery. *White v. Ames* ("*White II*"), No. 18-0892, 2020 WL 533116, at *2 (W. Va. Feb. 3, 2020) (memorandum decision).

argument that Mr. Rosinsky should not have consented to the May 7, 2013, agreed order allowing a "dump" of petitioner's cell phone. The circuit court noted the discussion petitioner had with Mr. Rosinsky about the cell phone and its contents and petitioner's testimony that he did not believe that any incriminating evidence would be found on the phone.

Petitioner appealed the circuit court's denial of habeas relief in *White v. Ames* ("*White II*"), No. 18-0892, 2020 WL 533116 (W. Va. Feb. 3, 2020) (memorandum decision). Petitioner in *White II* did not challenge the circuit court's denials of Mr. Wright's requests to withdraw as substitute habeas counsel or its ruling that there was no illegal search of petitioner's cell phone due to the May 7, 2013, agreed order. Rather, petitioner raised the following assignments of error: (1) trial counsel provided ineffective assistance by failing to retain an expert to conduct an independent analysis of the bullet removed from one of the victim's legs; (2) trial counsel provided ineffective assistance by failing to object or move to strike the speculative theories put forth by a police detective during petitioner's trial; (3) appellate counsel provided ineffective assistance by failing to fully argue issues regarding Rule 404(b) evidence, including the admission of photographs of petitioner's tattoos; (4) petitioner's sentences are disproportionate when compared to his accomplice's sentences; and (5) the circuit court erred in denying petitioner habeas relief due to the cumulative effect of multiple errors at trial. *Id.* at *3-10. This Court in *White II* rejected petitioner's assignments of error and affirmed the denial of habeas relief. *Id.*

Prior to this Court's decision in *White II*, petitioner filed the instant petition for a writ of habeas corpus petition on September 12, 2019, alleging that Mr. Wright provided ineffective assistance as substitute habeas counsel. Current habeas counsel was appointed,[6] who filed an amended petition on September 2, 2020. Thereafter, the circuit court, by order entered on December 1, 2020, granted petitioner's motion to file a supplemental memorandum of law as a self-represented litigant. Petitioner filed his supplemental memorandum of law on December 14, 2020. Respondent filed a response on January 4, 2021.

On March 2, 2021, the circuit court held an omnibus evidentiary hearing in petitioner's instant habeas proceeding, at which Mr. Wright and petitioner testified. During Mr. Wright's testimony, he stated that lawyers in Cabell County frequently "go against" each other and that his friendship with Mr. Rosinsky did not affect his ability to adequately represent petitioner in the *White II* habeas proceeding. Mr. Wright further testified that he did not feel uncomfortable questioning Mr. Rosinsky about his representation of petitioner as his trial and criminal appellate counsel. Mr. Wright stated that, despite the familiarity Cabell County lawyers have with each other, the circuit court properly denied his requests to withdraw as substitute habeas counsel because the court knew that he could represent petitioner's interests. Mr. Wright explained that he made the requests to withdraw to "safeguard or pursue" his client's (petitioner's) wishes on the matter.

During petitioner's testimony, he was not only questioned by the parties' counsels, but also by the circuit court. Given that the May 7, 2013, agreed order entered in petitioner's criminal case

---

[6]Current habeas counsel represents petitioner in this appeal.

5

allowed a "dump" of his cell phone, the circuit court sought clarification, asking petitioner if he was alleging that Mr. Rosinsky should not have consented to that order. Petitioner answered, "Correct." The circuit court further noted that, at the end of petitioner's direct examination at the *White II* omnibus hearing, he was asked if there were any other issues he wanted to raise and he indicated that there were none. The circuit court inquired of petitioner as to whether he "just forgot" that he had the opportunity to raise issues not previously raised at that hearing. Petitioner responded that he did forget to bring up the issues he wanted to raise due to his nervousness about testifying.

Similarly, during cross-examination, petitioner testified that he "forgot" to raise an issue regarding the admission of the text messages, when he was provided the opportunity to raise other issues at the *White II* omnibus hearing, because "you get nervous." Twice, during petitioner's questioning by the parties' counsel, the circuit court limited the inquiries, finding that the issues about which petitioner was being asked had been adjudicated earlier in *White I* or *White II*. Specifically, the circuit court limited questioning about Rule 404(b) issues (which would include issues regarding both the text messages and the photographs of petitioner's tattoos), finding that "404(b) has already been decided." Respondent also inquired about petitioner's allegation that Mr. Rosinsky should have sought a jury instruction, pursuant to Syllabus Point 3 of *State v. Caudill*, 170 W. Va. 74, 289 S.E.2d 748 (1982), that an accomplice's guilty plea cannot be considered as proof of the defendant's guilt. In response, petitioner acknowledged that he included a challenge to the jury instructions in his "additional grounds" exhibit in the *White II* habeas proceeding and that he "didn't bring that up" when he was asked "if there were any other issues" he wanted to raise at the *White II* omnibus hearing.

The circuit court, by order entered on April 20, 2021, denied the instant habeas petition, finding that the only claim properly before it was the claim that Mr. Wright was ineffective as substitute habeas counsel in the *White II* habeas proceeding. The circuit court specifically found that, "while other issues were raised by [p]etitioner in [the instant] [h]abeas action, all such matters have been either fully litigated and decided or were previously waived" in *White I* or *White II*. Based upon its review of Mr. Wright's testimony, the circuit court rejected the claim that Mr. Wright had provided petitioner ineffective assistance of counsel in the *White II* habeas proceeding. The circuit court reiterated its ruling that there was no cause to allow Mr. Wright to withdraw from the *White II* habeas proceeding, although requested by petitioner, because "nearly all of the lawyers in Cabell County know each other and finding an attorney practicing in this [c]ourt who does not have a relationship with Mr. Rosinsk[y] would be difficult[,] if not impossible."

Petitioner now appeals the circuit court's April 20, 2021, order denying the instant habeas petition. We review a circuit court's order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

6

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Because we have before us the denial of petitioner's second habeas petition, we consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]

166 W. Va. at 762-63, 277 S.E.2d at 608.

On appeal, petitioner raises several claims of ineffective assistance of trial counsel that he argues that this Court should address herein. Respondent counters that the circuit court properly found that the only claim properly before it was the claim that Mr. Wright was ineffective as substitute habeas counsel in the *White II* habeas proceeding. We agree with respondent.

Petitioner's first claim of ineffective assistance of trial counsel is based upon his claim that the search of his cell phone was illegal. We find that the circuit court adjudicated that issue in *White I* with the entry of the May 7, 2013, agreed order authorizing a "dump" of petitioner's cell phone. In *White II*, petitioner modified his argument to argue that his lead trial counsel, Mr. Rosinsky, should not have consented to the agreed order. The circuit court rejected that argument in *White II*, finding that Mr. Rosinsky was not ineffective in consenting to the agreed order. At the omnibus hearing in *White II*, Mr. Wright questioned Mr. Rosinsky about the issue, and Mr. Rosinsky acknowledged there were advantages and disadvantages to consenting to the "dump" of petitioner's cell phone. Mr. Rosinsky believed that the decision constituted a matter of strategy. As we noted in *White II*, "[w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." 2020 WL 533116, at *4 (quoting Syl. Pt. 5, *Ballard v. Thomas*, 233 W. Va. 488, 759 S.E.2d 231 (2014)). Therefore, having found that the circuit court adjudicated this issue in *White I* and *White II*, we decline to address it.

Next, petitioner argues that Mr. Rosinsky failed to request a limiting instruction with regard to the admission of the text messages as Rule 404(b) evidence. We adjudicated this issue in *White I* by finding that, while the circuit court erred in failing to give an initial limiting instruction at the time the text messages were admitted, the error was harmless due, in part, to "[the] overwhelming evidence of petitioner's guilt." 2015 WL 7628721, at *5. Therefore, pursuant to *White I*, we conclude that petitioner may not re-raise this issue.

Similarly, pursuant to *White II*, we find that petitioner may not argue that Mr. Rosinsky was ineffective in failing to object to the admission of the photographs of his tattoos. In *White II*, we found that an objection was made that "the photographs were prejudicial and irrelevant." 2020 WL 533116, at *2. We also rejected petitioner's argument that an objection should have made that the photographs constituted improper Rule 404(b) evidence, explaining that, due to the substantial evidence of petitioner's guilt, "even if appellate counsel had raised the admission of the

7

photographs of petitioner's tattoos, there was no reasonable probability that the Court [in *White I*] would have reversed his conviction." *Id.* at *9.

Finally, we find that petitioner waived the issue of whether a jury instruction based upon this Court's decision in *Caudill* should have been requested.[7] At the omnibus hearing in the instant habeas proceeding, petitioner acknowledged that he included a challenge to the jury instructions in his "additional grounds" exhibit in *White II* and that he "didn't bring that up" when he was asked "if there were any other issues" he wanted to raise at the omnibus hearing in *White II*. At the beginning of the *White II* omnibus hearing, the circuit court specifically informed him that, following Mr. Wright's presentation on his behalf, it would "take up" any issues "that you have raised pro se." Petitioner responded, "All right."

In the instant habeas proceeding, respondent asked petitioner why he did not raise the *Caudill* issue when he was provided the opportunity to raise other issues at the *White II* omnibus hearing. Petitioner answered only that he "forgot" to raise the issues he wanted to raise. As we noted in *Losh*, an omnibus hearing represents a habeas petitioner's opportunity to "raise any collateral issues which have not previously been fully and fairly litigated." 166 W. Va. at 764, 277 S.E.2d at 609. While petitioner alleges that Mr. Wright's ineffectiveness denied him that opportunity in *White II*, the transcript of the *White II* omnibus hearing reflects that petitioner was provided that opportunity but failed to take it. Therefore, we concur with the circuit court's finding that the only issue properly before it was ineffective assistance of habeas counsel because all other issues were adjudicated or waived in *White I* or *White II*.[8]

We now address whether Mr. Wright provided ineffective assistance of counsel in *White II*. The test for evaluating ineffective assistance of counsel claims is as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a

---

[7]We note that, in the Syllabus of *State v. Flack*, 232 W. Va. 708, 753 S.E.2d 761 (2013), we modified Syllabus Point 3 of *State v. Caudill*, 170 W. Va. 74, 289 S.E.2d 748 (1982), and held that the failure to give the *Caudill* instruction, that an accomplice's guilty plea cannot be considered as proof of the defendant's guilt, is reversible error only when the instruction is requested by the defendant. In *Flack*, we explained that "[w]hether the trial court should instruct the jury how the accomplice's testimony could, or could not, be considered is a matter best left to the discretion of defense counsel" as "[d]efense counsel may have ample reason to get beyond an accomplice's damaging testimony as quickly as possible." *Id.* at 714, 753 S.E.2d at 767.

[8]Petitioner argues that we should review the issues he raises pursuant to the cumulative error doctrine. However, as we explained in *White v. Ames* ("*White II*"), No. 18-0892, 2020 WL 533116 (W. Va. Feb. 3, 2020) (memorandum decision), "[t]he cumulative error doctrine does not apply where no errors are found." *Id.* at *10 (citing *State v. Knuckles*, 196 W. Va. 416, 426, 473 S.E.2d 131, 141 (1996)).

8

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Based upon our review of the transcript of the omnibus hearing in the instant proceeding, we find that Mr. Wright's testimony supported the circuit court's findings that, despite his friendship with Mr. Rosinsky, Mr. Wright represented petitioner' interests and zealously cross-examined Mr. Rosinsky regarding his performance as trial counsel. Moreover, the transcript from the *White II* omnibus hearing reflects that, at one point during Mr. Wright's examination of him, Mr. Rosinsky became so emotional that he apologized to the circuit court for any perceived outburst. Therefore, we find that the record, as a whole, shows that Mr. Wright's advocacy on petitioner's behalf did not fall below an objective standard of reasonableness pursuant to the first prong of the *Strickland/Miller* test. Accordingly, we conclude that the circuit court properly found that there was no ineffective assistance of habeas counsel and properly denied petitioner's instant petition for a writ of habeas corpus.

For the foregoing reasons, we affirm the circuit court's April 20, 2021, order.

Affirmed.

**ISSUED**: August 30, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

9